### No. 9738.
### Orleans Appeal.

### JAHNCKE SERVICE INC. v. E. R. HEWSON.

(October 20, 1924, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest, Appeal, Par. 625, 634 635.
Issues of fact alone are involved and the finding of the lower court, except where manifestly erroneous, is affirmed.

Appeal from the First City Court, Hon. Henry Renshaw, Judge.

Judgment for defendant on the main demand and judgment for defendant on reconventional demand. Plaintiff appealed.

Judgment amended and affirmed.

Louis C. Guidry, Dart & Dart, attorneys for plaintiff and appellant.

Maurice H. Rooney, Eugene Stanley, attorneys for defendant and appellee.

WESTERFIELD, J. Plaintiff sues the defendant for $208.70, the price of certain composition roofing shingles sold defendant. Defendant denies liability and reconvenes, claiming $35.00, the cost of putting the shingles on his roof.

There was judgment below dismissing plaintiff's demand and awarding defendant Thirty-five Dollars as prayed for in his reconventional demand. Plaintiff has appealed.

The defendant admits the purchase and delivery of the shingles, but claims they were not as represented and warranted by plaintiff in that the color of the shingles which was specially guaranteed to be uniform (green) and durable was quite the contrary, exhibiting a most unsightly appearance when placed on his roof. Spots of different colors are alleged to have appeared soon after the placing of the shingles on the roof, giving it a motley appearance, marring the architectural beauty of defendant's residence.

The only question before us is one of fact. In other words, did plaintiff guarantee the color of the shingles and did the shingles turn color?

Plaintiff sold the roofing through a salesman by the name of Green, who has testified in defendant's behalf. Green says that he, on behalf of plaintiff, gave an unqualified guarantee as to the color of the shingles. He also testifies that he saw the roof and that the shingles were badly faded, and that he reported that fact to his superior in the service of plaintiff, a Mr. Hamilton. It is true that Green had left plaintiff's employ at the time of his testimony, but this fact cannot impeach his veracity; moreover, Mr. Hamilton does not

deny that Green reported to him the condition of the roof being bad, as he testifies.

Three witnesses are produced by defendant, who swear to the discolored condition of the roof. One of plaintiff's witnesses in a measure corroborates defendant's witnesses in this regard. Plaintiff contends that such spots as appear on the roof are footprints caused by persons walking on the roof in hot weather. On the whole, we are of opinion that the evidence preponderates in defendant's favor, establishing the fact that the shingles were not satisfactory, causing the roof to be unsightly. Plaintiff cannot recover the value of the shingles and defendant should have the cost of placing them on his roof, as was held by the trial court, but defendant cannot retain the shingles and not pay for them, consequently the judgment appealed from is amended so as to permit plaintiff to remove the shingles from defendant's roof at its expense anytime within sixty days of the finality of this decree, and in all other respects it is affirmed.